UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TYRELL FRANCIS

                Plaintiff,

  -against-                                           1:20-CV-0703 (LEK/TWD)

CITY OF SCHENECTADY, *et al.*,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Tyrell Francis brings this action against the City of Schenectady ("City"), Officer Craig Comley, County of Schenectady ("County"), and various John and Jane Doe police officers (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff's claims against Defendants arise from Plaintiff's September 13, 2018 arrest and subsequent five-month incarceration and from a slip-and-fall incident that occurred while Plaintiff was incarcerated. See generally Compl.

Presently before the Court is a motion to dismiss filed by the County pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See Dkt. No. 8 ("Motion to Dismiss"). Plaintiff filed an opposition to the motion. See Dkt. No. 13 ("Plaintiff's Opposition"). The County filed a reply. See Dkt. No. 14 ("Reply"). For the reasons that follow, the Court grants the County's Motion to Dismiss.

**II.    BACKGROUND**

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

On October 10, 2018, Plaintiff was arrested based on the allegations of Comley, whose sworn allegations to County prosecutors resulted in Plaintiff being charged with two felony counts of criminal sale of a controlled substance. Compl. ¶¶ 14–16. After being arraigned on these charges, Plaintiff was held in the custody of Schenectady County Jail. Id. ¶¶ 15, 19. Plaintiff remained incarcerated from October 10, 2018 to March 25, 2019, when the charges were dismissed and sealed. Id. ¶ 20.

On March 15, 2019, while still incarcerated, Plaintiff slipped and fell on water that had accumulated on the floor of his cell caused by a leak he had complained about previously. Id. ¶ 21. Plaintiff suffered a contusion, and he now experiences frequent headaches resulting from his head injury. Id. ¶¶ 22, 24.

Plaintiff asserts: (1) 42 U.S.C. § 1983 claims against the City and Comley for unlawful imprisonment and malicious prosecution, (2) a § 1983 claim against the County for supervisory liability, (3) a § 1983 claim against the City for violation of his right to a fair trial, (4) a claim based on Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), against the City, (5) a negligent screening, hiring, and supervision claim against the City and County, (6) a negligent training and supervision claim against the City and County, (7) a negligence claim against the County and its John and Jane Doe employees, and (8) a state law malicious prosecution claim against the City and Comley. See generally Compl. Plaintiff's claims against the City and Comley relate to his arrest and prosecution, and his claims against the County relate to his slip-and-fall incident. Id.

**III.   DISCUSSION**

Pursuant to Rule 12(b)(6), the County moves to dismiss Plaintiff's (1) § 1983 supervisory liability claim, (2) negligent screening, hiring, and retention claim, (3) negligent training and supervision

claim, and (4) negligence claim. Additionally, pursuant to Rule 12(b)(1), the County asserts that the Court does not have subject matter jurisdiction to hear Plaintiff's state law claims. Mot. at 15–16. The Court grants the County's Motion to Dismiss.

### A. Section 1983 Supervisory Liability

Plaintiff withdraws his § 1983 supervisory liability claim. Opp'n at 1 n.1. Therefore, the Court dismisses this claim.

### B. Subject Matter Jurisdiction

The County argues that the Court does not have subject matter jurisdiction over Plaintiff's state law claims relating to his slip-and-fall because they do not arise out of the same set of facts as his anchoring federal claim. Mot. to Dismiss at 15–16. The Court agrees.

"In any civil case, a federal district court with original jurisdiction, shall have 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" See Tejada v. LittleCity Realty LLC, 308 F. Supp. 3d 724, 729 (E.D.N.Y. 2018) (quoting 28 U.S.C. § 1367). "Claims arise under the same case or controversy when they derive from a common nucleus of operative fact." See Blackrock Balanced Capital Portfolio v. HSBC Bank USA, Nat. Ass'n, 95 F. Supp. 3d 703, 708 (S.D.N.Y. 2015) (internal quotation marks omitted).

A § 1983 claim is found to share a common nucleus of fact with state claims when the wrongful act complained of that gives rise to both the § 1983 claim and state claims is fundamentally the same. See e.g., Donlon v. Bd. of Educ., No. 06-CV-6027, 2007 WL 4553932, at *5 (W.D.N.Y. Dec. 20, 2007) (discriminatory and retaliatory employment acts against a public school teacher gave rise to both

§ 1983 equal protection claim and state employment discrimination claim because "these claims concern similar conduct and will require similar evidence or the determination of similar facts"); cf. Mays v. Berkeley, No. 92-CV-1048, 1992 U.S. Dist. LEXIS 13585, at *3 (N.D. Cal. June 26, 1992) (Section 1983 claim against the City of Berkeley pertaining to illegal search, seizure, and false arrest found not to share a common nucleus of facts with a state claim against Alameda County for denial of medical treatment while being held in custody); Mills v. Grant County Detention Center, No. 07-74-DLB, 2007 WL 2914213, at *2–5 (E.D. Ky. Sept. 27, 2007) (Section 1983 claim for injuries sustained while in custody did not share a common nucleus with legal malpractice claims alleging that but for the public defender's negligent representation, the plaintiff would not have been incarcerated.).

Plaintiff's federal § 1983 claims relating to his false arrest and malicious prosecution and his state claims relating to his slip-and-fall incident are analogous to the claims in Mills and Mays. The evidence required for Plaintiff to prove his § 1983 claims is markedly different from the evidence needed to prove his negligence claims arising from his slip-and-fall incident. See Carne v. Stanislaus County Animal Services Agency, 445 F. Supp. 3d 772, 776 (E.D. Cal. 2020) (finding that no common nucleus existed between federal and state claims when the claims were disanalogous and there was an insufficient evidentiary overlap). As the County correctly points out, Plaintiff's federal and state claims against the City and Comley involve his arrest and prosecution, while Plaintiff's state claims against the County involve his slip-and-fall. Reply at 10. These are two separate incidents that should accordingly travel down separate paths for discovery and trial. Because there is insufficient evidentiary overlap between these claims, no common nucleus of operative facts exists such that the state claim forms part of the same case of controversy with Plaintiff's federal claims relating to his arrest and prosecution.

Therefore, this Court lacks subject matter jurisdiction to consider Plaintiff's state law claims against the County relating to his slip-and-fall incident. Plaintiff may file these claims in state court if he wishes.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the County's Motion to Dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's claims against the County for: (1) § 1983 supervisory liability, (2) negligent screening, hiring, and retention, (3) negligent training and supervision, and (4) negligence are **DISMISSED without prejudice**; and it is further

**ORDERED,** that the Clerk shall **TERMINATE** the County from the docket; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 24, 2021
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge