UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

TYRELL FRANCIS,

|  |  |  |
|---|---|---|
|  | Plaintiff, | 20 CV 00703 |
| -against- |  | (LEK/TWD) |

CITY OF SCHENECTADY, CRAIG COMLEY, Individually,
COUNTY OF SCHENECTADY, and JOHN and JANE DOE 1-10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

Defendants.

--------------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS**

BRETT H. KLEIN, ESQ., PLLC
*Attorneys for the Plaintiff*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................................................ii

PRELIMINARY STATEMENT......................................................................................1

RELEVAN FACTS……...............................................................................................1
.
STANDARD OF REVIEW…………………………………………………………....4

ARGUMENT…………………………………………………………………………….5

    I.     PLAINTIFF'S STATE LAW CLAIMS ARE TIMELY ………………………5

    II.    DEFENDANTS IMPROPERLY FOCUS ON MERITS BASED ARGUMENTS …..8

    III.   PLAINTIFF HAS ALLEGED SUFFICIENT PERSONAL INVOLVEMENT………13

    IV.   PLAINTIFF HAS ADEQUATELY PLED FALSE ARREST, MALICIOUS PROSECUTION, AND DENIAL OF HIS RIGHT TO FAIR TRIAL ………………15

         A.  False Arrest………………………………………………………………..15

         B.  Malicious Prosecution………………………………………………..……17

         C.  Denial of Right to Fair Trial………………………………………………18

         D.  Plaintiff's Pleadings are Not Conclusory and Allege a Lack of Probable Cause….19

         E.  Deprivation of Liberty……………………………………………………20

    V.    PLAINTIFF'S *MONELL* CLAIM IS SUFFICIENTLY PLED ………………….22

    VI.   DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY…………...24

CONCLUSION.....................................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Allen v. City of New York*, 480 F. Supp. 2d 689 (S.D.N.Y. 2007)........................................... 21, 22

*Alvarez v. Cty. of Orange, N.Y.*, 95 F. Supp. 3d 385 (S.D.N.Y. 2015)........................... 5, 9, 16, 20

*Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113 (2d Cir. 2004) ...................................... 23, 24

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................... 4

*Bailey v. City of New York*, 79 F. Supp. 3d 424 (E.D.N.Y. 2015)............................................ 6, 25

*Barnes v. Uzu*, No. 20 Civ. 5885 (KMK), 2022 WL 784036 (S.D.N.Y. Mar. 15, 2022).............. 7

*Barnett v. Mount Vernon Police Dep't*, 523 F. App'x 811 (2d Cir. 2013) .................................. 24

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 4

*Benzman v. Whitman*, 523 F.3d 119 (2d Cir.2008)....................................................................... 24

*Bernard v. United States*, 25 F.3d 98 (2d Cir. 1994) ................................................................... 15

*Black v. Coughlin*, 76 F.3d 72 (2d Cir. 1996).............................................................................. 13

*Blake v. Race*, 487 F. Supp. 2d 187 (E.D.N.Y. 2007) ................................................................. 25

*Bonilla v. City of New York*, No. 20 Civ. 1704 (RJ)(DLB), 2020 WL 6637214 (E.D.N.Y. Nov.

    12, 2020) ........................................................................................................................... 7

*Bowers v. City of Salamanca*, No. 20 Civ. 1206 (LJV), 2021 WL 2917672 (W.D.N.Y. July 12,

    2021) ................................................................................................................................. 7

*Boyd v. City of New York*, 336 F.3d 72 (2d Cir. 2003) ................................................................ 18

*Brash v. Richards*, 149 N.Y.S.3d 560 (2d Dep't 2021) ................................................................ 6

*Bristol v. Queens Cty.*, No. 09 Civ. 095544 (JFB)(AKT), 2018 WL 5077166 (E.D.N.Y. Mar. 30,

    2018), *report and recommendation adopted*, No. 09 Civ. 5544 (JMA)(AKT), 2018 WL

    4328828 (E.D.N.Y. Sept. 11, 2018)....................................................................................... 21

*Brownell v. LeClaire*, 96 A.D.3d 1336 (3d Dep't 2012) .................................................. 6

*Buari v. City of New York*, 530 F. Supp. 3d 356 (S.D.N.Y. 2021) ................................ 19

*Buchy v. City of White Plains*, No. 14 CV 1806 (VB), 2015 WL 8207492 (S.D.N.Y. Dec. 7, 2015

............................................................................................................................. 14

*Bullard v. City of New York*, 240 F. Supp. 2d 292 (S.D.N.Y. 2003) ................................... 5, 9, 25

*Cain v. Cty. of Niagara, New York*, No. 20 Civ. 1710S, 2022 WL 616795 (W.D.N.Y. Mar. 2,

2022) .................................................................................................................... 7

*Cantey v. City of New York*, 10 Civ. 4043 (JPO), 2012 WL 6771342 (S.D.N.Y. Dec. 11, 2012) 22

*Case v. City of New York*, 233 F. Supp. 3d 372 (S.D.N.Y. 2017) ................................ 14

*Castro v. Narcisse*, No. 12 Civ. 1535 (VLB), 2013 WL 5423689 (D. Conn. Sept. 26, 2013) 9, 17,

24

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) ...................................................... 23

*Clark v. City of Ithaca*, 652 N.Y.S.2d 819 (3rd Dep't 1997) ......................................... 5

*Coleman v. City of New York*, No. 11 Civ. 2394, 2016 WL 4184035 (E.D.N.Y. Feb. 25, 2016),

aff'd, 688 Fed. App'x. 56 (2d Cir. 2017) ................................................................. 21

*Dufort v. City of New York*, 874 F.3d 338 (2d Cir. 2017) ............................................. 17

*Durr v. Slator*, No. 20 Civ. 00662 (MAD)(TWD), 2021 WL 3930704 (N.D.N.Y. Sept. 2, 2021)

............................................................................................................................. 14

*Fast v. Cty. of Nassau*, 150 A.D.3d 827 (2d Dep't 2017) ........................................... 8

*Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167 (2d Cir.2006) .................................. 24

*Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016) ........................... 19

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir.1985) ........................................................ 5

*Goodwin v. New York City Hous. Auth.*, 42 A.D.3d 63 (1st Dep't 2007) ...................... 7, 8

*Goodwin v. Pretorius*, 105 A.D.3d 207 (4th Dep't 2013) .............................................................. 7

*Guerrero v. City of New York*, No. 16-CV-516 (JPO), 2017 WL 2271467 (S.D.N.Y. May 23, 2017) ............................................................................................................................. 15

*Hincapie v. City of New York*, 434 F. Supp. 3d 61 (S.D.N.Y. 2020)........................................... 15

*Ingrao v. New York City Transit Auth.*, 161 A.D.3d 683 (1st Dep't 2018) .................................. 7

*Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't,* 557 F.Supp.2d 408 (S.D.N.Y. 2008) ..... 22

*Kopchik v. Town of E. Fishkill, New York*, 759 F. App'x 31 (2d Cir. 2018) ............................... 10

*Lawton v. Town of Orchard Park*, No. 14 Civ. 867S, 2017 WL 3582473 (W.D.N.Y. Aug. 18, 2017) ....................................................................................................................... passim

*Manganiello v. City of New York*, 612 F.3d 149 (2d Cir. 2010).................................................. 17

*McLennon v. City of New York*, 171 F. Supp. 3d 69 (E.D.N.Y. 2016) .......................................... 9

*Mesa v. City of New York*, No. 09 CIV 10464 (JPO), 2013 WL 31002 (S.D.N.Y. Jan. 3, 2013) 21

*Messina v. Mazzeo*, 854 F. Supp. 116 (E.D.N.Y. 1994) ..................................................... 13, 14

*Mitchell v. City of New York*, 841 F.3d 72 (2d Cir. 2016) ........................................................... 17

*Nelson v. City of New York*, No. 18 Civ. 4636 (PAE), 2019 WL 3779420 (S.D.N.Y. Aug. 9, 2019) ........................................................................................................................... 15

*Parker v. City of New York*, No. 05 Civ. 1803 (PKC)(GWG), 2008 WL 110904 (S.D.N.Y. Jan. 7, 2008) ........................................................................................................................... 21

*Payne v. King Neptunes NY, LLC*, 73 Misc. 3d 1210(A) (N.Y. Sup. Ct. 2021) ........................... 6

*Phillipps v. New York City Transit Auth.*, 68 A.D.3d 461 (1st Dep't 2009).................................. 7

*Pierce v. Hickey*, 129 A.D.3d 1287 (4th Dep't 2015).................................................................... 7

*Posr v. Ct. Officer Shield No. 207*, 180 F.3d 409 (2d Cir. 1999) ................................................ 24

*Poulos v. Cty. of Warren*, No. 21 Civ. 96 (MAD/CFH), 2021 WL 4307508 (N.D.N.Y. Sept. 22, 2021) ................................................................................................................ 20

*Poux v. Cnty. of Suffolk,* 09 Civ. 3081(SJF)(WDW), 2010 WL 1849279 (E.D.N.Y. May 4, 2010) ........................................................................................................................ 22

*Radin v. City of New York*, No. 14 Civ. 7347 (NG)(RLM), 2016 WL 3982463 (E.D.N.Y. July 22, 2016) ................................................................................................................ 21

*Rentas v. Ruffin*, 816 F.3d 214 (2d Cir. 2016) ................................................................ 18

*Rizk v. City of New York*, 462 F. Supp. 3d 203 (E.D.N.Y. 2020) .................................... 15

*Rohman v. New York City Transit Auth.*, 215 F.3d 208 (2d Cir. 2000) ........................... 17

*Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003) ................................................ 15

*Thompson v. Clark*, 142 S. Ct. 1332 (2022) ......................................................... 12, 18

*Thorpe v. Cty. of St. Lawrence*, No. 15 Civ. 736 (GLS/TWD), 2016 WL 7053545 (N.D.N.Y. Dec. 5, 2016) ................................................................................................................ 18

*Vasquez v. Yadali*, No. 16 Civ. 895 (NSR), 2020 WL 1082786 (S.D.N.Y. Mar. 5, 2020) .......... 15

*Wiggins v. City of New York*, 201 A.D.3d 22 (1st Dep't 2021) ........................................ 7

*Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146 (S.D.N.Y. 2006).................................. 24

*Williams v. City of New York*, 153 A.D.3d 1301 (2d Dep't 2017)................................... 5

*Wray v. City of New York,* 490 F.3d 189 (2d Cir. 2009)........................................... 23, 24

*Wright v. City of Newburgh*, 259 A.D.2d 485 (2d Dep't 1999)........................................ 5

**Statutes**

N.Y. Gen. Mun. Law § 50–e..................................................................................... 7, 8

**Other Authorities**

E.O. 202.67, *Continuing Temporary Suspension and Modifications of Law Relating to Disaster Emergency*, available at
https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202_67.pdf ............ 6

E.O. 202.8 *Continuing Temporary Suspension and Modifications of Law Relating to Disaster Emergency*, available at
https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf ............... 6

**Rules**

Fed. R. Civ. P. 8 ...................................................................................................................... 14

## PRELIMINARY STATEMENT

Plaintiff Tyrell Francis respectfully submits this memorandum of law in opposition to defendants' motion to dismiss plaintiff's complaint.  Defendants motion to dismiss is filed concurrently with their opposition to plaintiff's motion to amend, an approach that creates some confusion insofar as defendants' arguments incorporate documents which were presented in relation to plaintiff's motion to amend, but which are not properly considered on a motion to dismiss, and further vacillates between allegations from plaintiff's operative complaint and those made in his proposed amended complaint (hereinafter "PAC").  Regardless, as argued herein, plaintiff's operative complaint and PAC are sufficiently pled.  Notwithstanding, to the extent, *arguendo,* either pleading is found deficient, plaintiff should be granted an opportunity to cure any such defects through the filing of an amended complaint which also incorporates plaintiff's previously proposed amendments and any amendments necessary to cure any potential deficiencies.

## RELEVANT FACTS

The following facts relevant to defendants' motion to dismiss are drawn from plaintiff's complaint, which is the operative document at issue here.  On September 13, 2018, plaintiff attended a meeting with his parole officer, during which he was arrested on a parole violation and thereafter imprisoned in the Schenectady County Jail.  *See* ECF Doc. ¶ 13.  Thereafter, on October 10, 2018, just prior to plaintiff's planned transfer to a New York State correctional institution, where plaintiff was to serve out an approximate 90-day sentence on the aforementioned parole violation, plaintiff was produced to the Schenectady County Sheriff's Office.  *Id.* ¶ 14.  Mr. Francis was then falsely arrested by and based on the false allegations of defendant SPD Detective Craig Comley, whose sworn allegations to County prosecutors resulted in Francis being charged with

two counts of criminal sale of a controlled substance, a Class B Felony, for offenses that allegedly occurred on September 11, 2018, and September 13, 2018. *Id.* After being arraigned on the false charges, plaintiff was returned to the custody of the County Jail and imprisoned solely on the basis of the new arrest. *Id.* at ¶ 15.

Plaintiff was arrested notwithstanding that Comley knew or otherwise deliberately disregarded the fact that plaintiff could not have committed the September 13, 2018, offense insofar as he was present at the NYS Parole office to meet with his parole officer at the time of the alleged offense. *Id.* at ¶ 16. The aforementioned irrefutable and readily verifiable alibi as to the September 13, 2018, incident vitiated probable cause to arrest as to the September 11, 2018 offense. *Id.* at ¶ 17. Moreover, plaintiff had a verifiable alibi as to the September 11, 2018, to wit: plaintiff had attended a dinner with his fiancé, which was hosted by his friend, and both parties were able to attest to plaintiff's presence at the dinner on the aforementioned date. *Id.* at ¶ 17. Despite plaintiff's irrefutable and readily verifiable alibis, defendant Comley forwarded false and/or fabricated information to the Schenectady County District Attorney (hereinafter "SCDA") that plaintiff was purportedly in possession of a controlled substance on the dates in question. *Id.* at ¶ 18. Defendant Comley initiated a malicious prosecution against plaintiff by falsely swearing out felony complaints charging plaintiff with criminal sale of a controlled substance in the third degree, resulting in plaintiff being maliciously prosecuted in Schenectady City Court. *Id.* at ¶ 19. Solely as a result of defendant Comley's false claims, plaintiff was incarcerated at the Schenectady County Jail, maliciously prosecuted, and compelled to return to court on numerous occasions from October 10, 2018, through March 25, 2019, when the charges were dismissed and sealed in Schenectady City Court, and plaintiff was thereafter released into New York State custody to then serve out his aforementioned sentence for his parole violation. *Id.* at ¶ 20.

Plaintiff also alleges that all of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of Schenectady, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals and the falsification of evidence to support said arrests. *Id.* at ¶ 26. Further, that the aforesaid event was not an isolated incident and that defendant City was aware from sources that include lawsuits, notices of claims, complaints, news reports, internal investigations, and failed prosecutions, that many SPD officers are insufficiently trained regarding probable cause to arrest and engage in a practice of falsification to support unlawful arrests. *Id.* at ¶ 27. Defendant City of Schenectady is further aware that such improper training has often resulted in a deprivation of civil rights and despite such notice, defendant City failed to take corrective action, causing the officers in the present case to violate the plaintiff's civil rights. *Id.* at ¶ 28. Moreover, upon information and belief, defendant City was aware prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers and despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them. *Id.* at ¶ 29.

In his PAC, plaintiff has pled additional facts, including that Mr. Francis was falsely arrested by and/or otherwise based on the false allegations of defendants Comley, as well as proposed defendants Steven Nelson, Bret Ferris, Christopher Semione, Eric Peters, Shane Cieszynski, and/or Matthew Hoy, whose false allegations were provided to County prosecutors and sworn to by defendant Conley, and resulted in Francis being charged with two counts of criminal sale of a controlled substance, a Class B Felony, for offenses that allegedly occurred on September 11, 2018 and September 13, 2018. *See* ECF Doc. 53-3 ¶ 12. Further, plaintiff alleged that defendants Comley, Nelson, Ferris, Semione, Peters, Cieszynski, and Hoy should have been

aware based on past experience and/or firsthand observations made on September 11, 2018, and September 13, 2018, that plaintiff was not the individual who they were seeking for the sales that they allege occurred on September 11, 2018, and September 13, 2018. *Id.* at ¶ 16. Plaintiff also alleged in his amended complaint that despite plaintiff's irrefutable and readily verifiable alibis and the information known to defendants, defendant Comley manufactured evidence against plaintiff, including by preparing a suggestive and tainted photo array, and forwarding to the SCDA the false result of the array and information that plaintiff was purportedly in possession of and sold a controlled substance on the dates in question. *Id.* at ¶ 17. Finally, plaintiff alleged that defendants Comley, Nelson, Ferris, Semione, Peters, Cieszynski, Hoy and John and/or Jane Doe 1 through 10 either directly participated in the false arrest, manufacturing of evidence, and/or malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring and despite a meaningful opportunity to intervene. *Id.* at ¶ 20.

## STANDARD OF REVIEW

In considering a motion to dismiss, a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). To withstand the motion, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* Facial plausibility in this context does not amount to "a probability requirement" rather, it requires a showing of "more than a sheer

4

possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken" or to documents that are deemed "integral to the complaint." *Alvarez v. Cty. of Orange, N.Y.*, 95 F. Supp. 3d 385, 392 (S.D.N.Y. 2015). "The Court's function on a motion to dismiss is 'not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient.'" *Bullard v. City of New York*, 240 F. Supp. 2d 292, 294 (S.D.N.Y. 2003) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985)).

## ARGUMENT

### POINT I
**PLAINTIFF'S STATE LAW CLAIMS ARE TIMELY**

Defendants first argue that plaintiff's notice of claim was not timely filed. To the contrary, plaintiff timely mailed his notice of claim on May 1, 2019, within 90 days of the final resolution of his prosecution on March 25, 2019. *See* ECF Doc. 1 ¶ 20; ECF Doc. 61-1. Plaintiff's claim for negligent supervision and training flowing from his malicious prosecution was therefore timely filed. Moreover, defendants are incorrect that the statute of limitations for plaintiff's malicious prosecution claim is one year or that the statute of limitations had expired at the time plaintiff commenced his action. Plaintiff's malicious prosecution claim asserted against the City defendants is "governed by the one year and 90-day period set forth in General Municipal Law § 50–i, which 'takes precedence over the one-year period of limitations provided for in CPLR 215.'" *See Clark v. City of Ithaca*, 652 N.Y.S.2d 819, 820-21 (3d Dep't 1997); *see also, Williams v. City of New York*, 153 A.D.3d 1301, 1305-06 (2d Dep't 2017); *Brownell v. LeClaire*, 96 A.D.3d 1336,

1337 (3d Dep't 2012); *Wright v. City of Newburgh*, 259 A.D.2d 485, 486 (2d Dep't 1999).

Additionally, on March 20, 2020, in response to the ongoing global pandemic, Governor Andrew

Cuomo issued Executive Order (hereinafter "E.O.") 202.8, which tolled all statutes of limitations,

including those for notices of claims. *See* E.O. 202.8 *Continuing Temporary Suspension and

Modifications of Law Relating to Disaster Emergency*, available at

https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf; *Brash v.

Richards*, 149 N.Y.S.3d 560, 563 (2d Dep't 2021). Governor Cuomo subsequently extended the

tolling provision set forth in E.O. 202.8, ultimately extending tolling through November 3, 2020,

via E.O. 202.67, for a total toll of 228 days. *See* E.O. 202.67, *Continuing Temporary Suspension

and Modifications of Law Relating to Disaster Emergency*, available at

https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202_67.pdf. This toll

applied to plaintiff's state claims, and extended plaintiff's statute of limitations by 228 days. *See

Payne v. King Neptunes NY, LLC*, 73 Misc. 3d 1210(A), *1 (N.Y. Sup. Ct. 2021).

    While defendants are correct that plaintiff's felony sale charges were dismissed and his

possession charges were reduced to misdemeanor possession charges on March 6, 2019, the entire

criminal action was not dismissed until March 25, 2019, when the remaining misdemeanor charges

were dismissed, therefore plaintiff's statute of limitations did not expire until one year and 90-days

from the final March 25, 2019 disposition.[1] *See Bailey v. City of New York*, 79 F. Supp. 3d 424,

456 (E.D.N.Y. 2015). Given the aforementioned tolling provision, plaintiff could have timely

commenced his state claims up and through February 6, 2021, and therefore this action was timely

commenced on June 24, 2020. Further, contrary to defendants' assertions, state tolling also applies

---

[1] To the extent that defendants base their argument in part on the incorrect assertion that plaintiff challenges only the sale charge and not the possession charge, this is not the case as is addressed more fully, *infra*, and is an inadvertent pleading error which plaintiff could, and should be permitted to correct through amendments.

to plaintiff's federal claims, and plaintiff's proposed federal claims are timely as argued in his motion to amend. *See Barnes v. Uzu*, No. 20 Civ. 5885 (KMK), 2022 WL 784036, at *10-11 (S.D.N.Y. Mar. 15, 2022)*; Cain v. Cty. of Niagara, New York*, No. 20 Civ. 1710S, 2022 WL 616795, at *7 (W.D.N.Y. Mar. 2, 2022)*; Bowers v. City of Salamanca*, No. 20 Civ. 1206 (LJV), 2021 WL 2917672, at *5 (W.D.N.Y. July 12, 2021); *Bonilla v. City of New York*, No. 20 Civ. 1704 (RJ)(DLB), 2020 WL 6637214, at *2 (E.D.N.Y. Nov. 12, 2020); ECF Doc. 53-1 pp. 11-14.

Defendants also argue that plaintiff was required to serve his notice of claim on each individual defendant. All that is required, however, is that the notice of claim be served on the municipality and that the notice of claim contain "information sufficient to enable the [municipality] to investigate." *See Pierce v. Hickey*, 129 A.D.3d 1287, 1288–89 (3d Dep't 2015); *see also*, *Wiggins v. City of New York*, 201 A.D.3d 22 (1st Dep't 2021). The underlying purpose of the statute may be served without requiring a plaintiff to name the individual agents, officers or employees in the notice of claim." *Id.* Plaintiff's *pro se* notice of claim was also sufficient. "The test of the sufficiency of a Notice of Claim is merely whether it includes information sufficient to enable the city to investigate." *Ingrao v. New York City Transit Auth.*, 161 A.D.3d 683, 684 (1st Dep't 2018). "[C]ourts have not interpreted the statute to require that a claimant state a precise cause of action." *Goodwin v. New York City Hous. Auth.*, 42 A.D.3d 63, 68 (1st Dep't 2007). Rather, "the statute requires that a notice of claim set forth 'the time when, the place where and the manner in which the claim arose'" *Phillipps v. New York City Transit Auth.*, 68 A.D.3d 461, 462 (1st Dep't 2009) (citing N.Y. Gen. Mun. Law § 50–e[2] )). "Reasonably read, the statute does not require those things to be stated with literal nicety or exactness" and courts have "consistently held that the notice of claim statute, General Municipal Law § 50-e, is to be applied flexibly." *Phillipps*, 68 A.D.3d at 462. Therefore, in applying the statute, [f]lexibility is key so as to balance

two countervailing interests: on the one hand protecting municipal defendants from stale or frivolous claims, and on the other hand, ensuring that a meritorious case is not dismissed for a ministerial error." *Goodwin*, 42 A.D.3d at 66 (internal quotation marks omitted).

Plaintiff's allegations that he was falsely arrested and that the crimes were dismissed on March 25, 2019, sufficiently placed the City on notice of what plaintiff was alleging occurred and to place the City on notice of plaintiff's malicious prosecution claim. ECF Doc 61-11 p. 2. Further, plaintiff alleged that these acts were committed by defendant Comely, who was an employee of the City of Schenectady. *Id.* This also placed the City on notice of potential liability for their failings to train or supervise their employee. Finally, even assuming, *arguendo,* that any defect was found to exist, it is within the Court's discretion to disregard any such defect, or alternatively to allow plaintiff to amend his notice of claim. Per the General Municipal Law:

> At any time after the service of a notice of claim and at any stage of an action . . . a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. *See* N.Y. Gen. Mun. Law § 50-e; *Fast v. Cty. of Nassau*, 150 A.D.3d 827, 828 (2d Dep't 2017).

Because plaintiff drafted the notice of claim without the assistance of counsel, if any defect is found, it should be disregarded. Alternatively, plaintiff should be permitted to amend to correct any such error as contemplated and permitted by the General Municipal Law.

## POINT II
## DEFENDANTS IMPROPERLY FOCUS ON MERITS BASED ARGUMENTS

As anticipated by plaintiff's motion for leave to amend, defendants' combined opposition to plaintiff's motion to amend and cross-motion to dismiss focus on the merits of the case. Whatever defendants' view of the merits, the question on a motion to dismiss is whether accepting

plaintiff's allegations as true, are his claims plausible.  *Alvarez.*, 95 F. Supp. 3d at 392.  It is not the role of the Court to weigh facts on a motion to dismiss, as defendants ask this Court to do.  *See Bullard*, 240 F. Supp. 2d at 294.  While plaintiff did delve into the record in moving to amend in in anticipation of defendants' unfounded argument that dispositive evidence of plaintiff's guilt purportedly exists, on a motion to dismiss the Court's inquiry is limited to the four corners of the complaint, which as will be addressed *infra*, sufficiently allege plaintiff's claims.

Furthermore, while the Court may look at documents attached to the complaint as exhibits and any documents incorporated by reference, the documents defendants ask the Court to consider were neither attached to plaintiff's complaint, nor should they be considered incorporated by reference, and therefore should be disregarded in the context of defendants' motion to dismiss. *See McLennon v. City of New York*, 171 F. Supp. 3d 69, 89 (E.D.N.Y. 2016) (collecting cases) (recognizing "[t]he better view, adopted by a majority of courts in our Circuit" is that documents such as police records and criminal court complaints are not integral to a false arrest or malicious prosecution complaint); *Castro v. Narcisse*, No. 12 Civ. 1535 (VLB), 2013 WL 5423689, at *5 (D. Conn. Sept. 26, 2013).  Nonetheless, plaintiff will address defendants' factual arguments, notwithstanding that most of defendants' arguments go beyond the bounds of a motion to dismiss.

First, plaintiff need not plead that he does not go by the name Flok for his claim that he was not the seller to be plausible on its face.  Plaintiff has alleged that he had an alibi and that defendants were aware from past experience that plaintiff was not who they were seeking for the September controlled buys.  Accepting these facts as true, plaintiff has plausibly pled probable cause was lacking for his arrest, and therefore that he was falsely arrested.

Second, plaintiff unequivocally does not concede the validity of either the possession or sale charges.  Indeed, that plaintiff denies both that he possessed and that he sold a controlled

substance is apparent from the face of his complaint, which explicitly pleads that "defendant Comley forwarded false and/or fabricated information to the [SCDA] that plaintiff was purportedly in possession of a controlled substance on the dates in question" and further states that "Defendant Comley initiated a malicious prosecution against plaintiff by falsely swearing out felony complaints charging plaintiff with criminal sale of a controlled substance in the third degree." *See* ECF Doc. 1 ¶¶ 18, 19. Plaintiff also alleged facts relating to the falsity of the possession *and* sale charges in his PAC, stating that "defendant Comley manufactured evidence against plaintiff, including by preparing a suggestive and tainted photo array, and forwarding to the [SCDA] the false result of the array and information that plaintiff was purportedly *in possession of and sold* a controlled substance on the dates in question." *See* ECF Doc. 53-3 ¶ 17. To the extent that plaintiff's complaint inadvertently failed to state that he was charged with two counts of criminal sale and the two counts of criminal possession, and that he disputes the validity of all four charges, this error can be corrected through amendments and plaintiff should be permitted to conform his pleadings, and his proposed amended pleadings, to the facts to cure this to the extent, *arguendo,* it were determined to be a defect on this motion to dismiss. *Kopchik v. Town of E. Fishkill, New York*, 759 F. App'x 31, 38 (2d Cir. 2018) ("The opportunity to amend the complaint is appropriately presented *after* the district court rules on a motion to dismiss.")

Third, defendants' argument that plaintiff's testimony that, in sum and substance, he did not know why defendants had arrested him somehow supports dismissal should be disregarded as falling well outside the pleadings and, if considered, should be rejected because the questions and answers cited by defendants do not support the inference that plaintiff did not know why his arrest was improper, but rather that he did not know why defendants chose to arrest him. And, how could he? Plaintiff cannot be expected to know or testify to the decisions or thought processes of another.

Fourth, none of the documents defendants have cited in their motion, none of which were appended to or directly referenced in plaintiff's complaint, undermine plaintiff's claim that there was a gap in time between plaintiff being identified as Flok, nor do said documents support defendants' spurious claim that plaintiff has withheld information from the Court. To the contrary, the arrest report cited by defendants supports plaintiff's allegations insofar as all the information related to plaintiff is handwritten onto the form, and *over* type written information that identifies the alleged perpetrator only as FNU/LNU and Flok. *See* ECF Doc. 51-1, Jelinek Decl. Ex. D. That the information relating to plaintiff is handwritten *over* a typed form actually supports that the information came after, and was supplemented, as plaintiff contends. The second document defendants rely on to purportedly link plaintiff to the name Flok indicates that it was modified on October 17, 2018, which was after plaintiff's arrest, and therefore is neither dispositive as to what was known about plaintiff in September 2018, nor whether in September 2018, Flok was a name known to police to be purportedly associated with plaintiff. *See id.* at Ex. E. All this document shows is that *after* plaintiff was arrested on October 10, 2018, the name Flok was listed as a name associated with him. Moreover, defendants have failed to meaningfully address that in previous SPD paperwork, plaintiff was associated with the name "D" and not Flok.

Fifth, defendants' emphasis on audio recordings made by the police is similarly misplaced because the audio recordings do not identify Tyrell Francis as Flok, but rather identify the seller as Flok. *See id.* at Ex. L-M. Plaintiff does not dispute that a sale was arranged with an individual referred to as Flok, what plaintiff disputes is that he is the seller, and the audio recordings in no way undermine this contention. Finally, while plaintiff did provide 723 Congress Street as an address in an incident report generated in November 2018, contrary to defendants' assertion this is not the "the same address where City Defendants previously conducted the SPD's September

11

11, 2018, and September 13, 2018, controlled wire buys." The address "723 Congress Street" does not appear in the police paperwork related to the September controlled buys, rather the paperwork states the location of the buys as Congress and 3rd Avenue. *See* ECF Doc. 53-2, Klein Decl. Ex. 6. While this is the same vicinity as 723 Congress, there is a demonstrable difference between a general area and a specific address. Defendants therefore overstate the congruity of the information. In sum, whether the seller is Tyrell Francis remains a question which is very clearly in dispute and cannot be resolved on a motion to dismiss, despite defendants' urgings otherwise.

Defendants also claim plaintiff impermissibly asserted that the charges against him were dismissed based on alleged fabricated allegations. It is not clear where plaintiff purportedly asserted this specifically, insofar as what plaintiff's complaint states is that "[s]olely as a result of defendant Comley's false claims, plaintiff was incarcerated at the Schenectady County Jail, maliciously prosecuted, and compelled to return to court on numerous occasions from October 10, 2018 through March 25, 2019, when the charges were dismissed and sealed in Schenectady City Court . . . ." Indeed, plaintiff's complaint makes no representation whatsoever regarding the basis of the dismissal, nor is any such allegation necessary, given that the Supreme Court has recently held that a plaintiff need only show that his criminal proceeding ended without a conviction to maintain a malicious prosecution claim. *See Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022).

In sum, while the documents cited by defendants should not be considered on a motion to dismiss, even if, *arguendo,* they are considered, nothing defendants have presented demands dismissal of plaintiff's complaint. To the contrary, defendants' arguments merely underscore that there are a multitude of a questions of fact as to plaintiff's claims, the import and meaning of various documents, and regarding what was known to the police during their investigation and when it was known. These issues are not properly considered or resolved on a motion to dismiss.

## POINT III
## PLAINTIFF HAS ALLEGED SUFFICIENT PERSONAL INVOLVEMENT

Plaintiff's complaint and PAC sufficiently pleads his claims against each defendant. Personal involvement can be shown through either "direct participation, or failure to remedy [an] alleged wrong after learning of it . . . ." *Lawton v. Town of Orchard Park*, No. 14 Civ. 867S, 2017 WL 3582473, at *5 (W.D.N.Y. Aug. 18, 2017) (citing *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). In the context of pleading personal involvement, "[t]he Federal Rules, as illustrated by Rule 8(a), do not require that plaintiff set out a defendant's precise role in the injurious conduct. It is, however, constitutionally imperative that defendants are put on notice as to the nature of the allegations against them." *Lawton*, 2017 WL 3582473, at *5; *see also*, *Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994).

Here, plaintiff has pled the personal involvement of defendant Comely, the only defendant named in his operative complaint, a fact which defendants do not dispute. To the extent whether plaintiff's PAC sufficiently pleads allegations as to the defendants he seeks to add is ripe for review on defendants' motion to dismiss, plaintiff has pled their personal involvement. While plaintiff may not have parsed each defendants' specific acts, he does allege each defendants' involvement in his false arrest, stating: "Mr. Francis was falsely arrested . . . by and/or otherwise based on the false allegations of defendant SPD Detectives Craig Comley, Steven Nelson, Bret Ferris, Christopher Semione, Eric Peters, Shane Cieszynski, and/or Matthew Hoy, whose false allegations were provided to County prosecutors and sworn to by defendant Comley, and resulted in Francis being charged . . . for offenses that allegedly occurred on September 11, 2018 and September 13, 2018." *See* ECF Doc. 53-3 ¶ 12.

Mr. Francis further alleges that he "was arrested notwithstanding that defendants knew or otherwise deliberately disregarded the fact that plaintiff could not have committed the September 13, 2018 offense insofar as he was at the NYS Parole office to meet with his parole officer at the time of the alleged offense" and that "defendants Comley, Nelson, Ferris, Semione, Peters, Cieszynski, and Hoy should have been aware based on past experience and/or firsthand observations made on September 11, 2018 and September 13, 2018, that plaintiff was not the individual who they were seeking for the sales that they allege occurred on September 11, 2018 and September 13, 2018." *Id.* at ¶ 14-16. "Despite plaintiff's irrefutable and readily verifiable alibis and the information known to defendants, defendants manufactured evidence against plaintiff which defendant Comley forwarded to the [SCDA] that plaintiff was purportedly in possession of and sold a controlled substance on the dates in question." *Id.* at ¶ 17. Insofar as plaintiff's complaint alleges each defendants' involvement and sufficiently places defendants on notice of his claims, plaintiff should be permitted to take the discovery necessary to further particularize his claims. *See Lawton*, 2017 WL 3582473, at \*10. Rule 8(a) does "not require that plaintiff set out a defendant's precise role in the injurious conduct." *See Messina*, 854 F. Supp. at 126. Further, each defendant need not have been present when plaintiff was physically seized on October 10, 2018, to be found to have been involved in his arrest. *See Case v. City of New York*, 233 F. Supp. 3d 372, 397 (S.D.N.Y. 2017).

Lastly, plaintiff's failure to intervene claim can permissibly be pled in the alternative as it is here, and as discussed *infra*, at Point IV, plaintiff has pled an underlying constitutional violation. *See Buchy v. City of White Plains*, No. 14 CV 1806 (VB), 2015 WL 8207492, at \*3 (S.D.N.Y. Dec. 7, 2015); Fed. R. Civ. P. 8(d)(2), (3); *see also*, *Durr v. Slator*, No. 20 Civ. 00662 (MAD)(TWD), 2021 WL 3930704, at \*13 (N.D.N.Y. Sept. 2, 2021) (recognizing that failure to

intervene can be pled in the alternative); *Rizk v. City of New York*, 462 F. Supp. 3d 203, 226 (E.D.N.Y. 2020) (same); *Hincapie v. City of New York*, 434 F. Supp. 3d 61, 79 (S.D.N.Y. 2020) (same); *Guerrero v. City of New York*, No. 16-CV-516 (JPO), 2017 WL 2271467, at *4 (S.D.N.Y. May 23, 2017) (same).  Therefore, defendants arguments in support of dismissal must be rejected.

<u>POINT IV</u>
### PLAINTIFF HAS ADEQUATELY PLED FALSE ARREST, MALICIOUS PROSECUTION, AND DENIAL OF HIS RIGHT TO FAIR TRIAL

Plaintiff's complaint and PAC sufficiently plead his claims of false arrest, malicious prosecution, and denial of his right to fair trial.

**A.  False Arrest**

"A § 1983 claim for false arrest . . . is substantially the same as a claim for false arrest under New York law." *Vasquez v. Yadali*, No. 16 Civ. 895 (NSR), 2020 WL 1082786, at *6 (S.D.N.Y. Mar. 5, 2020) (quoting *Nelson v. City of New York*, No. 18 Civ. 4636 (PAE), 2019 WL 3779420, at *5 (S.D.N.Y. Aug. 9, 2019)).  Under New York law, a plaintiff alleging false arrest must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)) (internal quotations omitted).  Both plaintiff's complaint and his proposed complaint plead sufficient facts to meet these elements.

Plaintiff's complaint pled facts sufficient to support that he was arrested, he was confined in Schenectady County Jail solely on the basis of the arrest, and the court can infer from the pleadings that plaintiff did not consent to the arrest. *See Vasquez*, 2020 WL 1082786, at *6. Further, plaintiff has pled sufficient facts to plausibly claim that his arrest was not privileged,

including that he "was arrested notwithstanding that Comley knew or otherwise deliberately disregarded the fact that plaintiff could not have committed the September 13, 2018 offense insofar as he at the NYS Parole office to meet with his parole officer at the time of the alleged offense" and further that the "aforementioned irrefutable and readily verifiable alibi as to the September 13, 2018 incident vitiated probable cause to arrest as to the September 11, 2018 offense." *See* ECF Doc. 1 ¶¶ 16-17. Plaintiff also alleges that he "had a verifiable alibi as to the September 11, 2018, to wit: plaintiff had attended a dinner with his fiancé, which was hosted by his friend, and both parties were able to attest to plaintiff's presence at the dinner on the aforementioned date." *Id.* at ¶ 17. At this stage in the litigation, it is too early for an informed decision to be made regarding whether defendant Comley had probable cause to arrest plaintiff given the disputed facts and, where accepting plaintiff's allegations as true, plaintiff had an alibi which Comley should have been aware of. *Alvarez*, 95 F. Supp. 3d at 401–02; *Lawton*, 2017 WL 3582473, at *10 (finding plaintiff had "alleged that the individual defendants arrested and confined her; that she was aware of her confinement; that she did not consent to her arrest and confinement; and that her arrest and confinement were without probable cause" based on allegations that "circumstances existed that raised doubt or should have raised doubt as to the veracity of the complainant").

Plaintiff's PAC alleges these facts, plus additional facts which further support a lack of probable cause, and therefore is also sufficient to withstand a motion to dismiss. These additional facts include: that in addition to defendant Comley, defendants Nelson, Ferris, Semione, Peters, Cieszynski, and Hoy should have been aware based on past experience and/or firsthand observations made on September 11, 2018 and September 13, 2018, that plaintiff was not the individual who they were seeking for the sales that they allege occurred on September 11, 2018 and September 13, 2018, and that "[d]espite plaintiff's irrefutable and readily verifiable alibis and

the information known to defendants, defendants manufactured evidence against plaintiff which defendant Comley forwarded to the [SCDA] that plaintiff was purportedly in possession of and sold a controlled substance on the dates in question." *See* ECF Doc. 53-3 ¶¶ 16-17. Finally, with respect to the photo array, plaintiff's operative complaint makes no mention of identification procedure whatsoever, and therefore this evidence cannot be considered when evaluating whether probable cause existed to arrest plaintiff. *See Castro*, 2013 WL 5423689, at *5. As to his PAC, plaintiff's allegation that the photo array was suggestive must be accepted as true and is sufficient to undermine defendants' claim that probable cause existed therefrom. *Dufort v. City of New York*, 874 F.3d 338, 348 (2d Cir. 2017); *Vietnam Ass'n for Victims of Agent Orange*, 517 F.3d at 115.

### B. Malicious Prosecution

Plaintiff's malicious prosecution claim is also sufficiently pled and plausible on its face. "To state a claim for malicious prosecution under both federal and New York law, a plaintiff must allege "(1) the commencement or continuation of a criminal proceeding against her, (2) the termination of the proceeding in her favor, (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Lawton*, 2017 WL 3582473, at *10 (citing *Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016)). For a § 1983 claim, a plaintiff must additionally allege "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Lawton*, 2017 WL 3582473, at *10 (citing *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)). "Like a claim for false arrest, probable cause is a complete defense to a malicious prosecution claim." *Lawton*, 2017 WL 3582473, at *10 (citing *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010)).

Plaintiff's complaint meets these pleading requirements. He alleges that he was falsely arrested based on the false allegations of defendant SPD Comley, whose sworn allegations to

County prosecutors resulted in Francis being charged with two counts of criminal sale of a controlled substance and that the malicious prosecution was initiated by defendant Comley. *See* ECF Doc. 1 ¶¶ 14, 20. Plaintiff further alleges that based on these false charges, he was returned to the custody of the Schenectady County Jail and imprisoned there solely on the basis of this new arrest" and was compelled to return to court on numerous occasions, until the charges against him were dismissed and sealed. *Id.* at ¶¶ 15, 20, 40. He also adequately alleges a lack of probable cause, and that the prosecution was initiated with malice. *Id.* at ¶¶ 16-17, 39, 40. Moreover, malice can be inferred from a lack of probable cause, as is alleged here. *See e.g., Rentas v. Ruffin*, 816 F.3d 214, 221-22 (2d Cir. 2016); *Boyd v. City of New York*, 336 F.3d 72, 78 (2d Cir. 2003). Finally, a plaintiff need not demonstrate that the termination of his criminal proceeding is indicative of innocence, but rather only that the proceeding ended without a conviction. *See Thompson*, 142 S. Ct. at 1341. Therefore, plaintiff's complaint meets all of the pleading requirements to make out his claim. *See e.g. Lawton*, 2017 WL 3582473, at \*10. Plaintiff's PAC likewise meets these pleading requirements. *See* ECF Doc. 53-3 ¶¶ 12-20, 32-25.

### C. Denial of Right to Fair Trial

Plaintiff has sufficiently pled his denial of right to fair trial claim as well. "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial." *Thorpe v. Cty. of St. Lawrence*, No. 15 Civ. 736 (GLS/TWD), 2016 WL 7053545, at \*4 (N.D.N.Y. Dec. 5, 2016). "To state a due process claim based on fabrication of evidence, the plaintiff must show that: an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a

result." *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) (internal quotations omitted); *Thorpe*, 2016 WL 7053545, at *4.

Plaintiff has plausibly pled the above elements.  Specifically, plaintiff pled in his complaint that "defendant Comley forwarded false and/or fabricated information to the SCDA that plaintiff was purportedly in possession of a controlled substance on the dates in question," that this false evidence was utilized against plaintiff in legal proceedings, and that solely as a result of Comley's false claim plaintiff was incarcerated at the Schenectady County Jail and compelled to return to court.  *See* ECF Doc. 1 ¶¶ 18, 20, 44.  Further, in his PAC, plaintiff alleges, in addition to the foregoing, that "defendant Comley manufactured evidence against plaintiff, including by preparing a suggestive and tainted photo array, and forwarding to the SCDA the false result of the array and information that plaintiff was purportedly in possession of and sold a controlled substance on the dates in question.  *See* ECF Doc. 53-3 ¶¶ 17, 19, 39.  Accepting these allegations as true, plaintiff has sufficiently pled his fair trial claim in both his complaint and his PAC.  Finally, to the extent defendants argue plaintiff's fair trial claim fails because defendants purportedly possessed probable cause to  believe a crime was committed, this argument must be rejected.  *See* Defs.' Mem. of Law p. 23.  "Probable cause is no defense to a denial of the right to fair trial claim." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 278 (2d Cir. 2016).

### D.  Plaintiff's Pleadings are Not Conclusory and Allege a Lack of Probable Cause

In arguing that plaintiff has pled only conclusory facts and formulaic legal conclusions, defendants wholly ignore the factual allegations detailed *supra*, which, contrary to defendants' assertions, are detailed and sufficient to support plaintiff's claims and a lack of probable cause as to both plaintiff's false arrest claim and his malicious prosecution claim.  Moreover, defendants improperly ask the Court to accept as true that "City Defendants directly and personally observed

Plaintiff engage with the SPD's CI on both September 11, 2018, and September 13, 2018." *See* Defs.' Mem. of Law p. 23. Not only do defendants ask that the Court look to documents beyond the four corners of the complaint to support this assertion, but they also improperly ask the Court to accept their allegations, rather than plaintiff's as true. "In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, [however] a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party" and "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Alvarez*, 95 F. Supp. 3d at 392.

Accepting plaintiff's allegations and confining consideration to the allegations in the complaint and PAC, plaintiff has plausibly pled that he was falsely accused of possessing and selling a controlled substance, that defendants knew this based on past experience and based on plaintiff's alibi, and despite this defendant Comley prepared a suggestive photo array, and forwarded this and false allegations to prosecutors that that plaintiff had been observed possessing and selling narcotics on two dates in September, thereby denying plaintiff of his right to fair trial and initiating a malicious prosecution against him, which ultimately terminated in plaintiff's favor. *See* ECF Doc. 1 ¶¶ 13-20, 32-46; ECF Doc. 53-3 ¶¶ 12-20, 27-41.

### E.  Deprivation of Liberty

Finally, defendants argue that plaintiff cannot maintain his false arrest, malicious prosecution, and denial of right to fair trial claims because he has purportedly not pled a sufficient deprivation of liberty. Defendants cite cases, including *Poulos v. Cty. of Warren*, No. 21 Civ. 96 (MAD/CFH), 2021 WL 4307508, at *5 (N.D.N.Y. Sept. 22, 2021) for the principle that an already incarcerated individual purportedly cannot demonstrate the requisite deprivation of liberty.

However, as *Poulos* recognizes, this is so where a plaintiff cannot demonstrate that they served any additional time because of the false charges. *Id.  See also*, *Bristol v. Queens Cty.*, No. 09 Civ. 095544 (JFB)(AKT), 2018 WL 5077166, at *13 (E.D.N.Y. Mar. 30, 2018), *report and recommendation adopted*, No. 09 Civ. 5544 (JMA)(AKT), 2018 WL 4328828 (E.D.N.Y. Sept. 11, 2018) (dismissing plaintiff's false arrest claim where there had "been no showing by Plaintiff that his incarceration for his conviction in Nassau County was prolonged because of the charges lodged against him in Queens County."); *Coleman v. City of New York*, No. 11 Civ. 2394, 2016 WL 4184035, at *5 (E.D.N.Y. Feb. 25, 2016), *aff'd*, 688 Fed. App'x. 56 (2d Cir. 2017) (dismissing plaintiff's false arrest claim because there was no showing that misdemeanor assault charges impacted plaintiff's deprivation); *Radin v. City of New York*, No. 14 Civ. 7347 (NG)(RLM), 2016 WL 3982463, at *4 (E.D.N.Y. July 22, 2016) (dismissing where the plaintiff did not plead that had he been arrested solely for the disputed charge, he would have been in jail for a shorter duration); *Parker v. City of New York*, No. 05 Civ. 1803 (PKC)(GWG), 2008 WL 110904, at *9 (S.D.N.Y. Jan. 7, 2008) (dismissing because it was "not a case where the prisoner's period of incarceration was lengthened as a result of new charges brought against him while he was in custody.")  On the other hand, where a plaintiff does allege that he spent more time in custody due to a new arrest, this can support independent false arrest and malicious prosecution claims.  *See Mesa v. City of New York*, No. 09 CIV. 10464 (JPO), 2013 WL 31002, at *11 (S.D.N.Y. Jan. 3, 2013); *Allen v. City of New York*, 480 F. Supp. 2d 689, 717–18 (S.D.N.Y. 2007) (allowing a malicious prosecution claim to proceed where plaintiff alleged that his period of incarceration was lengthened while he had to wait for the resolution of new state charges before being transferred to federal custody).

Here, plaintiff specifically alleges that his detention in County jail was lengthened as a result of his false arrest, malicious prosecution, and denial of right to fair trial, and that his

continued deprivation of liberty in County jail was *solely* as a result of defendants' actions.  In particular, plaintiff claims he was about to be transferred to State custody for a 90-day sentence, when this arrest occurred and caused him to remain in County custody from October 10, 2018, through March 25, 2019, only after which was he released into State custody to serve out the 90-day sentence.  *See* ECF Doc. 1 ¶¶ 14, 20; ECF Doc. 53-3 ¶¶ 12, 19.  Therefore, plaintiff has alleged that his period of incarceration was lengthened.  Thus, this case can be distinguished from the cases cited above and by defendants, because this is a situation where an additional deprivation occurred.  Here, like in *Allen*, where the plaintiff had to wait for his state charges to be resolved to be transferred into federal custody, creating a question of fact regarding whether he suffered an independent deprivation, plaintiff had to wait for his new charges to be resolved before being transferred from County to State custody, creating a question of fact as to whether a new deprivation occurred.  This is sufficient to meet the deprivation of liberty element of his claims. *See Allen*, 480 F. Supp. 2d at 717–18.

### POINT V
### PLAINTIFF'S *MONELL* CLAIM IS SUFFICIENTLY PLED

Federal claims against a municipality, otherwise known as "*Monell* claims," "are not subject to a heightened pleading standard and need only comply with the notice pleading requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure, *i.e.* that it include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Cantey v. City of New York*, 10 Civ. 4043 (JPO), 2012 WL 6771342, *2-3 (S.D.N.Y. Dec. 11, 2012) (citing *Poux v. Cnty. of Suffolk,* 09 Civ. 3081(SJF)(WDW), 2010 WL 1849279, at *11 (E.D.N.Y. May 4, 2010); *see also Jones v. Westchester Cnty. Dep't of Corr. Med. Dep't,* 557 F.Supp.2d 408, 417 (S.D.N.Y. 2008).  In order "[t]o hold a city liable under § 1983 for the unconstitutional actions of its

employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2009). Also, the inadequacy of police training may serve as the basis for § 1983 liability "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants" such [that] the shortcoming [can] be properly thought of as a city 'policy or custom.'" *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–89 (1989). At the pleading stage, "a plaintiff need only plead that the city's failure to train caused the constitutional violation," insofar as "it unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 130 n.10 (2d Cir. 2004).

Plaintiff's complaint and proposed amended compliant plead facts sufficient to survive defendants' motion to dismiss. Plaintiff claims that his constitutional violations were a "direct result of the unconstitutional policies, customs or practices of the City, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals and the falsification of evidence to support said arrests." *See* ECF Doc. 1 ¶ 26; ECF Doc. 53-3 ¶ 21. He further alleges that the events as they relate to him were "not an isolated incident" and that "[d]efendant City of Schenectady [was] aware from sources that include lawsuits, notices of claims, complaints, news reports, internal investigations, and failed prosecutions, that many SPD officers are insufficiently trained regarding probable cause to arrest and engage in a practice of falsification to support unlawful arrests." *See* ECF Doc. 1 ¶ 27; ECF Doc. 53-3 ¶ 22. Plaintiff also alleges that defendant City was "aware that such improper training has often resulted in a deprivation of civil rights" and that "[d]espite such notice, defendant City of Schenectady [] failed to take corrective action,"

which "caused the officers in the present case to violate the plaintiff's civil rights." *See* ECF Doc. 1 ¶ 28; ECF Doc. 53-3 ¶ 23. Finally, plaintiff alleges that defendant City "was aware prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers" and yet "[d]espite such notice, defendant City of Schenectady has retained these officers, and failed to adequately train and supervise them." *See* ECF Doc. 1 ¶ 29; ECF Doc. 53-3 ¶ 24. These allegations, if accepted as true, are sufficient to state plaintiff's *Monell* claim that defendant City engaged in a practice of falsification to support unlawful arrests and of insufficient training regarding probable cause, which caused plaintiff's constitutional violations. *See Wray,* 490 F.3d at 195; *Amnesty Am.*, 361 F.3d at 130 n.10.

## POINT VI
## DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

For a qualified immunity defense to be asserted on a motion to dismiss the defense must be "based on facts appearing on the face of the complaint." *Castro*, 2013 WL 5423689, at *5 (citing *Benzman v. Whitman,* 523 F.3d 119, 125 (2d Cir.2008)). "[A] qualified immunity defense can be presented in a Rule 12(b)(6) motion, but . . . the defense faces a formidable hurdle when advanced on such a motion and is usually not successful." *Castro*, 2013 WL 5423689, at *5 (quoting *Field Day, LLC v. Cnty. of Suffolk,* 463 F.3d 167, 191-92 (2d Cir.2006)), *see also Barnett v. Mount Vernon Police Dep't*, 523 F. App'x 811, 813 (2d Cir. 2013). The question that must be asked is whether if the facts as alleged in the complaint were proven, would the plaintiff be able to prevail. *See Posr v. Ct. Officer Shield No. 207*, 180 F.3d 409, 416 (2d Cir. 1999). "Qualified immunity cannot be established by claiming defendants actions were different than that alleged by plaintiff." *Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 155 (S.D.N.Y. 2006).

Here, accepting plaintiff's facts as alleged in his complaint and PAC, plaintiff was falsely arrested without probable cause for possessing and selling a controlled substance, and defendants knew or should have known this based on past experience and plaintiff's known alibi, and defendant Comley prepared a suggestive photo array and forwarded this, and defendants' false claims that plaintiff had possessed and sold drugs to the SCDA's Office thereby denying plaintiff his right to fair trial and initiating a malicious prosecution without probable cause. *See* ECF Doc. 1 ¶¶ 14-19; ECF Doc. 53-3 ¶¶ 14-19. If these disputed facts were proven, defendants would not be entitled to qualified immunity. *See Bailey*, 79 F. Supp. 3d at 458 ("No defendant officer is entitled to qualified immunity when alleged fabrication of evidence is key to the case."). Further, the many facts that remain in dispute here supports that qualified immunity cannot be granted at this stage. *See Blake v. Race*, 487 F. Supp. 2d 187, 214 (E.D.N.Y. 2007) (denying qualified immunity where there were disputed issues of fact regarding "whether the defendants participated in the fabrication of evidence to establish probable cause to arrest and prosecute"); *Bullard*, 240 F. Supp. 2d at 300-01 ("there are sufficient issues of fact such that the Court cannot determine at this stage of the pleadings that the Individual Defendants are entitled to qualified immunity.").

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss should be denied.

Dated:   New York, New York
       April 28, 2022

                                                         BRETT H. KLEIN, ESQ., PLLC
                                                         Attorneys for Plaintiff
                                                         305 Broadway, Suite 600
                                                         New York, New York 10007
                                                         (212) 335-0132

                                                         By: *Brett Klein*               
                                                           BRETT H. KLEIN (BK4744)